UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-37

**STEVEN GLEN TOON**                                                                           **PLAINTIFF**

**v.**

**THE CITY OF HOPKINSVILLE;**
**JAY R. PHELPS; MIKE FELTS;**
**and BRANDON TEDFORD**                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendants' Motion to Exclude Plaintiff's Expert Witness, Terry Cox (Docket #37). Plaintiff has responded (Docket #54). Defendants have replied (Docket #67). For the following reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

This case involves an incident that occurred on the evening of March 7, 2008, between Plaintiff Steven Glen Toon and three officers of the Hopkinsville Police Department. In the end, Plaintiff was tased twice and placed under arrest. Plaintiff filed suit in this Court on March 6, 2009, against Officers Jay Phelps, Mike Felts, and Brandon Tedford, and the City of Hopkinsville asserting claims of excessive force, municipal liability, assault and battery, and intentional infliction of emotional distress. This matter is currently set for trial on August 9, 2011. Plaintiff has identified Terry Cox as an expert witness to testify as to Plaintiff's arrest and the officers' use of force. Defendants now move to exclude Dr. Cox's testimony.

**STANDARD**

Under Federal Rule of Evidence 702, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a

witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Rule 702 was amended in 2000 to address the Supreme Court's seminal opinion of *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993), and its progeny, including *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). *See* Fed. R. Evid. 702, Advisory Committee Notes.

"As a gatekeeper, the trial judge has discretion in determining whether a proposed expert's testimony is admissible based on whether the testimony is both relevant and reliable." *Rose v. Truck Centers, Inc.*, No. 09-3597, 2010 WL 3069613, at *4 (6th Cir. Aug. 6, 2010) (citing *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429 (6th Cir. 2007); *Daubert*, 509 U.S. at 589)). The trial judge must assess "whether the reasoning of methodology underlying the testimony is scientifically valid and [ ] whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93.

## DISCUSSION

Defendants seek to exclude the opinions of Plaintiff's expert witness Terry Cox on the basis that he is not properly qualified, his opinions are on irrelevant matters, and the proffered testimony will not aid the jury.

Dr. Cox earned a Doctorate of Philosophy in Education from the University of Akron in 1979. His specialty is criminal justice. In 1975, Dr. Cox became a Master of Science in Technical Education with a criminal justice specialization. He earned his bachelor's degree in Technical Education (criminal justice major) in 1974. Since 1978, Dr. Cox has taught as a

2

professor in the Department of Criminal Justice and Police Studies at Eastern Kentucky University.  His primary areas of concentration include predatory and violent crime analysis, criminal justice statistics, police organization and management, police operations, police-human relations, and police deviance.  He has taught several courses including Supervision of Police Personnel, Police Administration, Human Relations in Policing, and Police Related Violence. Prior to teaching, Dr. Cox was an active duty police patrol officer with the Marietta Police Department from 1970 to 1973.  He has also taught at the United Police Training Academy, Department of Criminal Justice Training (Commonwealth of Kentucky), and the Ohio Peace Officers Training Council.  He is a United States Army veteran and a member of several criminal justice associations.  Dr. Cox has published articles on criminal justice issues and served as a consultant in several excessive force cases.

Dr. Cox reviewed seven depositions, materials produced by the parties during discovery, the Use of Force Report generated by Officer Felts, Hopkinsville Police Department policies and procedures, personnel and background information on several officers, and the video recording of the incident.  Dr. Cox's report indicates that he intends to offer expert opinions as to several issues, including whether Officer Phelps had probable cause to arrest Plaintiff, whether Plaintiff was resisting arrest or being noncompliant, whether Officer Phelps acted in a reasonably objective manner, and whether the City is liable for failure to properly supervise and irresponsible hiring.

Defendants argue that Dr. Cox's credentials fail to meet Rule 702's requirements.  Under Rule 702, an expert must be qualified "by knowledge, skill, experience, training or education . . . ." Fed. R. Evid. 702.  Defendants assert that because Dr. Cox is a university professor who has

3

had no basic police certification since 1973 and performs no instruction or training in manual restraints and controls, he is not qualified to offer expert opinions as to the mechanics of resistance and the use of force. In support of this argument, Defendants cite to *Berry v. City of Detroit*, 25 F.3d 1342, 1348-54 (6th Cir. 1994). In *Berry*, the Sixth Circuit held that an expert witness's qualifications should not be considered in the abstract, but rather, the Court must consider "whether those qualifications provide a foundation for a witness to answer a specific question." *Id.* at 1351. Thus, the Court must separately examine the opinions Dr. Cox intends to offer at trial.

## I.  Probable Cause

Dr. Cox's report indicates that he intends to opine that the officers had no probable cause to arrest Plaintiff for driving under the influence, resisting arrest, or disorderly conduct. Specifically, the report states as follows in regard to driving under the influence:

>   1. If the facts of the case prove that Mr. Toon's and Mr. Shepard's version that they were in fact at Mr. Shepard's residence during the timeframe prior to being contacted by Officer Phelps, then it would be highly unlikely that Officer Phelps saw anyone driving the vehicle in question.
>
>   2. If the facts prove this to be correct, then Officer Phelps had absolutely no probable cause–nor was he physically present to observe this behavior–to make [sic] arrest Mr. Toon for the charge of DUI arrest.

Case Evaluation, DN 32-2, p. 3. In addition, Dr. Cox also states that "After reviewing the above materials there is no reason to believe there was probable cause to charge Mr. Toon with Resisting Arrest." *Id.* In reaching this conclusion, Dr. Cox notes there is no reason to believe Plaintiff intentionally attempted to prevent the officers from arresting him, there is no reason to believe he used or threatened to use physical force against the officers, there is no reason to believe he was trying to flee, and nothing indicates Plaintiff created a substantial risk of physical

4

injury to any of the officers. *Id.* Finally, Dr. Cox's report states:

> Officer Phelps arrested [sic] charged Mr. Toon for Disorderly Conduct for behavior allegedly occurring at a local hospital where he was taken to provide blood samples. After reviewing the above information there is no reason to believe that Officer Phelps had probable cause to make this arrest.

*Id.* at 4. Defendants argue that Dr. Cox is not qualified to make these assertions, which are merely conclusive opinions regarding ultimate issues.

The Court notes that Plaintiff has not asserted a cause of action for false arrest, i.e., unlawful seizure without probable cause.¹ Instead, his claims focus solely on the amount of force applied by the police officers. Excessive force claims and false arrest claims are distinct. *Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004). "[E]stablishing a lack of probable cause to make an arrest does not establish an excessive force claim, and vice-versa." *Id.*; *accord Barnett v. Sandford*, No. 2:04-CV-1113, 2006 WL 1722419, at *2 (S.D. Ohio June 22, 2006) ("[T]he use of excessive force is not permissible even if there was probable cause to arrest."). In addition, a lack of probable cause for arrest is not a defense to a charge of resisting arrest in Kentucky. *See Donovan v. Thames*, 105 F.3d 291, 298 n. 8 (6th Cir. 1997) (citing Ky. Rev. Stat. Ann. § 520.090(1), commentary).

The Court finds that evidence as to whether the police officers had probable cause to arrest Plaintiff should be excluded. The matter is irrelevant and prejudicial as to the real

---

¹Excessive force claims and false arrest claims are both subject to a reasonableness standard under the Fourth Amendment. *Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004). "To evaluate an excessive force claim, we consider 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). In contrast, for a false arrest claim a court looks to "the nature and trustworthiness of the evidence of criminal conduct available to the police." *Id.*

question of whether the officers used excessive force. In addition, the issue of probable cause could potentially lead to confusion of the issues for the jury. Thus, Dr. Cox's opinions as to probable cause are excluded. This ruling applies with equal force to any other experts.

## II. Use of Force

Next, Dr. Cox's report expresses the opinion that "any use of force employed against Mr. Toon was excessive and unnecessary." Case Evaluation, DN 32-2, p. 6. The Court finds that Dr. Cox's credentials are sufficient to qualify him to offer an opinion on this matter. Dr. Cox is a professor of criminal justice, teaches a variety of courses on law enforcement, has several publications in the area of criminal justice, offered police training for different institutions, served as a police patrol officer, and testified in other excessive force cases. Despite Dr. Cox's qualifications, however, the Court finds that an expert opinion as to whether the use of force was excessive is unnecessary in this case. "Because testimony about whether the officers used reasonable force is a legal conclusion and may confuse the trier of fact, the district court is within its sound discretion to exclude it." *Hubbard v. Gross*, 199 F. App'x 433, 443 (6th Cir. 2006).

The outcome of this case depends largely on the credibility of the witnesses and the video recording, which will be played before the jury. A large portion of Dr. Cox's opinion consists of his observations from the video recording. A jury will be able to make its own judgments after viewing the video. Dr. Cox does not offer any opinions which will assist the jury in understanding this evidence. *See* Fed. R. Evid. 702. For instance, Dr. Cox notes that it is obvious Plaintiff was experiencing difficulties with his eyes and was not dressed appropriately for the weather conditions. These are observations that a jury can make on its own. In addition,

Dr. Cox states that Officer Phelps appeared agitated and "used considerable amounts of unnecessary threatening and provocative language toward Mr. Toon." Case Evaluation, DN 32-2, p. 5. Again, the jury can judge Officer Phelps's credibility on its own and the statements made by Officer Phelps are part of the video.

Dr. Cox also speculates that "the amount of force used likely exceeded Hopkinsville Police Department's policies and procedures associated with the use of physical force." Case Evaluation, DN 32-2, p. 6. The Court finds Dr. Cox is qualified to offer this opinion and it is both relevant and reliable. Accordingly, Dr. Cox will be permitted to discuss the Hopkinsville Police Department policies and procedures that he has reviewed and express his opinion as to whether these policies and procedures were followed.

The Court also believes expert opinion would lend assistance to the jury in its understanding of the use of a taser. Dr. Cox's discussion of this matter is brief:

> There are no reasons to believe that conditions warranted the use of an electrical conductance device. There is no reason to believe that the first use of the electrical conductance device was ineffective since the wounding patterns on Mr. Toon's chest indicated two penetration wounds. This is particularly important since the belief of ineffectiveness served as justification for using the drive stun tactic.

Case Evaluation, DN 32-2, p. 5. Dr. Cox also testified that he fully understands use of force continua and teaches on such topics on a regular basis. He further explains his knowledge of tasers and their operation. The Court finds that Dr. Cox is qualified to testify as to these matters and Dr. Cox's opinions will assist the jury.

### III. Failure to Properly Supervise/Irresponsible Hiring

Finally, Defendants seek to exclude Dr. Cox's opinions as to the Hopkinsville Police Department's alleged failure to properly supervise its employees and its irresponsible hiring

practices. Defendants first note that Plaintiff has not asserted a cause of action for irresponsible, or negligent, hiring. Plaintiff has, however, asserted claims against the City of Hopkinsville under 42 U.S.C. § 1983, and courts have analyzed claims for negligent hiring under this framework. *See, e.g.*, *Doe v. Magoffin Cnty. Fiscal Court*, 174 F. App'x 962, 967-68 (6th Cir. 2006).

Defendants argue that Dr. Cox's opinions as to the issue of negligent hiring are unreliable because he did not conduct a scientific study, has no knowledge of the hiring standards employed by police departments other than possibly the Kentucky State Police and the City of Lexington Police Department, and his review of the officers' personnel files was incomplete. Defendants note that Dr. Cox did not review the facts underlying the answers given to the pre-polygraph questionnaires and relied upon Plaintiff's counsel to select the documents he reviewed. Defendants also point out that Dr. Cox acknowledged during his deposition that his review was insufficient to form an opinion as to custom or practice. Dr. Cox indicated that he would have to do a much more extensive research project in order to reach such a conclusion.

The Court need not consider these arguments, however, because the Court has already determined that Plaintiff has failed to create a genuine issue of material fact as to his municipal liability claims.[2] Thus, Dr. Cox's opinions are unnecessary. Accordingly, any opinions as to these claims are properly excluded.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to

---

[2]See pages 9-12 of the Court's ruling on Defendants' Motion for Summary Judgment (DN 36). The Court's opinion was filed contemporaneously with this Memorandum Opinion and Order.

Exclude Plaintiff's Expert Witness, Terry Cox is GRANTED IN PART and DENIED IN PART.