UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-37

STEVEN GLEN TOON                                                    PLAINTIFF

v.

THE CITY OF HOPKINSVILLE;
JAY R. PHELPS; MIKE FELTS;
and BRANDON TEDFORD                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Brandon Tedford's Motion to Alter, Amend, and/or Vacate Pursuant to Fed. R. Civ. P. 59 (Docket #71). Plaintiff has responded (Docket #72). Defendant Tedford has replied (Docket #73). This matter is now ripe for adjudication. For the following reasons, Defendant Tedford's motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

This case involves an incident that occurred on the evening of March 7, 2008, between Plaintiff Steven Glen Toon and three officers of the Hopkinsville Police Department. In the end, Plaintiff was tased twice and placed under arrest. Plaintiff filed suit in this Court on March 6, 2009, against Officers Jay Phelps, Mike Felts, and Brandon Tedford, and the City of Hopkinsville asserting claims of excessive force, municipal liability, assault and battery, and intentional infliction of emotional distress. This matter is currently set for trial on August 9, 2011.

Defendants moved for summary judgment on November 15, 2010. The Court granted in part and denied in part Defendants' motion on April 14, 2011. The Court granted summary judgment as to Plaintiff's intentional infliction of emotional distress claim, but found that a

genuine issue of material fact existed as to Plaintiff's Section 1983 excessive force claims against all Defendants and his assault and/or battery claims against the three police officers. Defendant Brandon Tedford now asks the Court to reconsider its ruling.

## STANDARD

A court may grant a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* A Rule 59(e) motion does not provide plaintiffs another opportunity to argue the merits of their case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). A party must file a motion to alter or amend a judgment under Rule 59 within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Defendant Tedford's motion was timely filed.

## DISCUSSION

Defendant Tedford asks the Court to reconsider its ruling because there is no genuine issue of material fact that he was the one who tased Plaintiff or directed any other officer to tase Plaintiff. Thus, Tedford believes his role in the events of March 7, 2008, is not at issue in this case and he is entitled to summary judgment. In contrast, Plaintiff argues that "Defendant Tedford acted in concert and cooperation with Defendant Phelps and Defendant Felts." Pl. Resp., DN 72, p. 2. Plaintiff notes that the issue before the Court is whether Plaintiff was deprived of his constitutional rights and/or subjected to assault and battery by the police officers'

2

collective conduct in arresting him. Plaintiff notes that Tedford held Toon while he was tased.

The Court's April 14, 2011, Memorandum Opinion and Order noted that Officer Tedford arrived as Officer Phelps was administering field sobriety tests on Toon. Officer Tedford assisted Officer Phelps near the driver's side hood of the Officer' Phelps's police vehicle by grabbing Toon's left arm. Toon was pushed down onto the hood of the vehicle by both officers. Officer Tedford testified that he had control of Toon's left wrist during the incident. Officer Felts was the officer who fired the taser and then drive stunned Toon following Officer Phelps's direction to tase Toon again. The evidence indicates that Officer Tedford remained behind Toon holding onto his left arm while he was tased.

Under 42 U.S.C. § 1983, a police officer may be held liable for the use of excessive force if he or she "(1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force." *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997) (citing *Durham v. Nu'Man*, 97 F.3d 862, 866-67 (6th Cir. 1996), *cert. denied sub nom.*, 520 U.S. 1157 (1997)). There is no allegation that Officer Tedford supervised either Officer Phelps or Officer Felts. Thus, Plaintiff must either establish that Officer Tedford actively participated in the use of excessive force or owed Plaintiff a duty of protection. To hold a police officer liable under the third theory, Plaintiff must show that: "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." *Id.* (citing *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)).

Plaintiff alleges that Officer Tedford actively participated in the use of excessive force by

3

restraining him while he was tased. The evidence demonstrates that Officer Tedford applied some degree of force to control Plaintiff's movements and this force continued while Plaintiff was tased. The evidence also demonstrates, however, that Officer Tedford did not direct the application of the taser or apply the taser himself. Thus, the Court finds that Officer Tedford did not actively participate in the use of excessive force. *See, e.g.*, *Haynes v. Village of Lansing*, 656 F. Supp. 2d 783, 792-93 (N.D. Ill. 2009) (officer who was present throughout alleged incident of excessive force but who only attempted to hold Plaintiff still for handcuffing did not directly use excessive force but could be liable for a failure to intervene).

Despite Officer Tedford's lack of participation in applying excessive force, there is a genuine issue of material fact as to whether Officer Tedford owed a duty of protection to Plaintiff to prevent the use of excessive force. Officer Tedford clearly observed the alleged excessive force, thus satisfying the first requirement. Furthermore, although the events happened quickly, there is a question of fact as to whether Officer Tedford could have prevented Plaintiff from being tased for a second time, as the evidence indicates several seconds passed between the first and second tasings. Viewing the evidence in a light most favorable to the non-movant, a genuine issue of material fact exists such that Officer Tedford could be held liable for excessive force under the theory that he owed Plaintiff a duty of protection.

Finally, the Court finds that summary judgment is appropriate as to the assault and battery claim against Officer Tedford because there is no evidence from which a reasonable jury could find that Officer Tedford used more force than was necessary or reasonably appeared to be necessary to take Plaintiff into custody. *See, e.g.*, *Banks v. Fritsch*, 39 S.W.3d 474, 480 (Ky. Ct. App. 2001). *Accord Jackson v. Austin*, 241 F. Supp. 2d 1313, 1323 (D. Kan. 2003) (officer

could be held liable under § 1983 for failure to intervene to protect an inmate from excessive force but was not liable for assault or battery).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Tedford's Motion to Alter, Amend, and/or Vacate Pursuant to Fed. R. Civ. P. 59 is GRANTED IN PART and DENIED IN PART.